In the Matter of the Application of L. J. PRESCOTT and Others, Respondents, for the Removal of RICHARD DONOVAN, a Justice of the Peace (Appellant) from Office.

*Justice of the peace — jurisdiction of a county judge over proceedings for his removal.*

A county judge has no jurisdiction over proceedings to remove an individual from the office of justice of the peace. The General Term of the Supreme Court is the only court vested with such power.

APPEAL by the defendant, Richard Donovan, from an order of the County Court of Franklin county, entered in the office of the clerk of the county of Franklin on the 15th day of March, 1893, purporting to remove the defendant from the office of justice of the peace, with notice of an intention to bring up for review on such appeal the preliminary objections to such proceeding, raised before the county judge, and also the order entered in said clerk's office on the 12th day of April, 1893, denying the defendant's motion to vacate, quash and set aside the same.

*Wm. P. Cantwell*, for the appellant.

*Jacob W. Webb*, for the respondent.

HERRICK, J. :

This is an appeal from an order of the county judge of Franklin county removing Richard Donovan from the office of justice of the peace.

The proceeding before the county judge for the removal of said Donovan from office was founded upon section 35 of part 1, chapter 5, title 4, article 4 of the Revised Statutes (Birdseye's Statutes 1770, §§ 283, 284). These provisions of the Revised Statutes were repealed by chapter 569 of the Laws of 1890. (See § 243, schedule of laws repealed.)

Section 18 of article 6 of the Constitution provides that justices of the peace may be removed from office by such courts as may be prescribed by law, and the Legislature by law prescribed the General Term of the Supreme Court as the court to be vested with such power (see § 132 of the Code of Criminal Procedure), and it is the only court that the Legislature has vested with such power.

The county judge had, therefore, no jurisdiction over the proceedings to remove said Donovan from the office of justice of the peace, and the order appealed from should, therefore, be reversed, with the costs, printing and other disbursements of this appeal, and of the proceedings before the county judge.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order reversed, with costs and printing and other disbursements upon this appeal, and the costs of proceedings before the county judge.

---

AGNES CAMERON, as Administratrix, etc., of ALLAN CAMERON, Deceased, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Master and servant — duty of an employer to hire competent servants — superintendence over — competency and incompetency defined — liability for their neglect of duty — constructive notice — a question of fact — proof of knowledge by co-employees.*

A competent servant is one who may be relied upon to execute the rules of his master unless prevented by causes beyond his control. The competency or incompetency of a servant is determined not alone by physical or mental attributes, but also by the disposition with which he performs his duties. If he habitually neglects those duties he becomes unreliable, and although he may be physically and mentally able to do well all that is required of him, his disposition towards his work and his fellow-servants makes him an incompetent man.

It is the duty of an employer not only to hire competent servants, but also to see to it that they remain competent, and for that purpose he must maintain a vigilant watch and superintendence over them.

When an employer procures competent and reliable men he is not answerable for the first lapse of duty by reason of their carelessness or negligence, but when such failure of duty becomes habitual or of frequent occurrence, he is chargeable with any damage resulting therefrom, if he has notice of such conduct on the part of his employees, or if, by a reasonable supervision of those employed in his service, he could have acquired notice or knowledge of such carelessness or neglect of duty.

In an action brought by an employee against a corporation for injuries alleged to have resulted from its negligence, it is a proper question of fact to be submitted to the jury whether the accustomed violation of the rules of the corporation, and the habitual neglect of duty on the part of one of its employees had been so frequent and long continued as to satisfy the jury that a careful supervision would have brought the matter to the knowledge of the corporation.